FILED IN OPEN COURT
ON 2-5-25 BM
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-246-FL-KS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | SUPERSEDING |
| ) | INDICTMENT |
| KENNETH MAURICE QUICK, JR. ) | |
| a/k/a "Nephew" ) | |

The Grand Jury charges:

## COUNT ONE

On or about December 1, 2020, in the Eastern District of North Carolina, on Fort Liberty Military Installation (formerly Fort Bragg Military Installation), a place within the special maritime and territorial jurisdiction of the United States, on land acquired for the use of the United States and under its exclusive jurisdiction, the defendant, KENNETH MAURICE QUICK, JR., a/k/a "Nephew," willfully, deliberately, maliciously, and with premeditation and malice aforethought did unlawfully kill T.J.D, Sr., by shooting him, in violation of Title 18, United States Code, Sections 7(3) and 1111.

## COUNT TWO

On or about December 1, 2020, in the Eastern District of North Carolina, the defendant, KENNETH MAURICE QUICK, JR., a/k/a "Nephew," did knowingly use

1

and carry a firearm, and that firearm was discharged during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, murder, in violation of Title 18, United States Code, Section 1111, as alleged in Count One of this Indictment, and the possession of said firearm in furtherance of said crime of violence, and in the course of that violation of Title 18, United States Code, Section 924(c), did knowingly cause the death of a person, T.J.D., Sr., through the use of said firearm, in violation of Title 18, United States Code, Section 924(j)(1).

## COUNT THREE

Beginning on an unknown date, but no later than on or about November 26, 2020, and continuing until on or about December 1, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, KENNETH MAURICE QUICK, JR., a/k/a "Nephew," did combine, conspire, confederate, agree, and have a tacit understanding with other persons, known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT FOUR

On or about December 1, 2020, in the Eastern District of North Carolina, the defendant, KENNETH MAURICE QUICK, JR., a/k/a "Nephew," did knowingly use and carry a firearm, and that firearm was discharged during and in relation to a drug

2

trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to possess with the intent to distribute a quantity of cocaine, in violation of Title 21, United States Code, Section 846, as alleged in Count Three of this Indictment, and did possess said firearm in furtherance of said drug trafficking crime, and in the course of that violation of Title 18, United States Code, Section 924(c), did knowingly cause the death of a person, W.J.L. II, through the use of said firearm, in violation of Title 18, United States Code, Section 924(j)(1).

## COUNT FIVE

On or about December 1, 2020, in the Eastern District of North Carolina, the defendant, KENNETH MAURICE QUICK, JR., a/k/a "Nephew," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed ammunition, and the ammunition was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT SIX

On or about December 1, 2020, in the Eastern District of North Carolina, the defendant, KENNETH MAURICE QUICK, JR., a/k/a "Nephew," did corruptly attempt to alter, destroy, mutilate, and conceal an object, the body of W.J.L. II, with the intent to impair its integrity and availability for use in an official proceeding, a federal grand jury, in violation of Title 18, United States Code, Section 1512(c)(1).

## COUNT SEVEN

On or about December 2, 2020, and continuing until on or about December 3, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, KENNETH MAURICE QUICK, JR., a/k/a "Nephew," aiding and abetting others, did corruptly attempt to alter, destroy, mutilate, and conceal an object, a pickup truck belonging to T.J.D., Sr., with the intent to impair its integrity and availability for use in an official proceeding, a federal grand jury, in violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

## COUNT EIGHT

On or about December 1, 2020, in the Eastern District of North Carolina and elsewhere, on Fort Liberty Military Installation (formerly Fort Bragg Military Installation), a place within the special maritime and territorial jurisdiction of the United States, on land acquired for the use of the United States and under its exclusive jurisdiction, the defendant, KENNETH MAURICE QUICK, JR., a/k/a "Nephew," knowing and having reason to know that W.J.L. II and T.J.D., Sr., did not die of natural causes, with the intent to conceal the deaths of W.J.L. II and T.J.D., Sr., did fail to notify a law enforcement authority of their deaths and secretly disposed of their bodies.

All in violation of Title 18, United States Code, Sections 7(3) and 13(a) and North Carolina General Statute 14-401.22(a) and (e).

# FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any offense charged herein constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), or a conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said offense.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the

defendant at the time of arrest.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

_02/05/2025_
DATE

DANIEL P. BUBAR
Acting United States Attorney

BY: BRADFORD M. DEVOE
Assistant United States Attorney

6