IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-246-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KENNETH MAURICE QUICK, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on May 7, 2025, for arraignment and, upon not guilty plea, trial scheduling conference. Defendant, in attendance, appeared with counsel, Kelly Dagger, and the government appeared through counsel, Bradford DeVoe. Defendant entered plea of not guilty to all counts in superseding indictment charging him with first-degree murder and additional offenses. The court memorializes herein rulings made at conference regarding trial scheduling and related issues.

BACKGROUND

At conference, the court advised the parties that the clerk of court has calculated that the time under the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161(c)(1), expires on June 5, 2025. The parties offered no disagreement with the clerk's calculation. The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the

"ends of justice" provision, the court must make findings based on a nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

The court inquired how much time defense counsel and counsel for the government reasonably require effectively to prepare for trial, considering the due diligence of the parties and any complexities in the case. The court specifically inquired whether the parties would be able to go forward with trial on or before June 5, 2025. Where it did not appear they could, the court inquired of the parties if a miscarriage of justice would result if trial went forward after the deadline. Both sides answered in the negative.

In particular, the government informed the court that it is investigating the alleged murder in March 2025 of a witness who was expected to testify against defendant. The government noted that it plans to file pretrial motion to admit at defendant's trial the decedent witness's grand jury testimony pursuant to Federal Rule of Evidence 804(b)(6). This rule provides that "[a] statement offered against a party that wrongfully caused – or acquiesced in wrongfully causing – the declarant's unavailability as a witness, and did so intending that result," may be admitted notwithstanding the general prohibition on hearsay evidence. Fed. R. Evid. 804(b)(6). Because Rule 804(b)(6) requires factual determinations regarding defendant's role in the witness's unavailability, and where the investigation remains ongoing, the parties anticipate that proceedings on the motion will be complex and extend for several months.[1]

The government therefore requested that the court set deadline of July 18, 2025, to file the Rule 804 motion, and defendant's counsel requested minimum of 30 days to respond to same. The

---

[1] Defendant asserted at hearing that the government also must show that the "forfeiture by wrongdoing" exception to the Sixth Amendment's Confrontation Clause is satisfied. The court expresses no opinion as to this argument at this stage, but the government should address this issue as well in its anticipated motion.

2

Case 5:23-cr-00246-FL   Document 46   Filed 05/07/25   Page 2 of 4

parties further agreed that the court's resolution of this motion materially will affect both sides'
trial preparation, and noting further the gravity of the charges and complexity of the case, they
requested trial start date of January 26, 2026. Consistent with these representations, defendant
expressed a waiver of his speedy trial rights and he consented to delay of the trial date on the terms
herein.

SCHEDULE

Dates and deadlines this date determined are set forth below.

A.  Trial Date

Taking the parties' responses into account, the court found that the ends of justice served by granting the requested continuance and setting jury trial to begin **January 26, 2026**,[2] outweighs the best interests of the public and defendant in a speedy trial. The government's anticipated pretrial motion, discussed above, must be resolved sufficiently in advance of trial to allow the parties reasonable time to prepare in light of the court's forthcoming ruling on same. The complexity of this case and the gravity of the charges also promote continuance to the trial date noted above. For these reasons and others discussed at hearing, a miscarriage of justice would result if the court denied continuance requested by the parties. See 18 U.S.C. § 3161(h)(7)(B)(i).

B.  Any Voir Dire and Suggested Jury Instructions

The parties also shall file their proposed jury instructions and voir dire not later than **January 12, 2026**. The government shall file a proposed verdict form by that same date.

---

[2] The parties' estimated trial length is 14 days. Trial set to commence at New Bern January 26, 2026, shall proceed at 9:00 a.m., starting with a conference with the parties, followed by jury selection at or around 9:30 a.m.

C. Government's Anticipated Rule 804(b)(6) Motion

Turning to the schedule for the government's anticipated Rule 804(b)(6) motion considered this date, the court sets **July 18, 2025**, deadline for the government to file this motion. Defendant's response is due **August 18, 2025**. Hearing on same is set for **September 8, 2025**, at **10:00 a.m.**

D. Expert Witness Disclosures

Not later than **December 10, 2025**, the government shall provide its expert witness disclosures to defendant, under Federal Rule of Criminal Procedure 16(a)(1)(G). Defendant shall provide expert witness disclosures pursuant to Rule 16(b)(1)(C), also by **December 10, 2025**. In the event either party deems it necessary to supplement their initial expert disclosures based upon the opposing party's disclosures, same shall be provided by **December 22, 2025**, unless good cause be shown that additional time is needed.

E. Anticipated Motions in Limine

All motions in limine that reasonably can be anticipated prior to trial shall be filed by **January 5, 2026**, and responses thereto are due **January 12, 2026**.

SO ORDERED, this the 7th day of May, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge