IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-246-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KENNETH MAURICE QUICK, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court July 15, 2025, for hearing on the government's unopposed motion to continue (DE 47) pretrial deadlines and trial date set in the court's May 7, 2025, trial scheduling order. Defendant, in attendance, appeared with counsel, Kelly Dagger, and the government appeared through counsel, Bradford DeVoe. The court memorializes herein rulings made at hearing regarding trial scheduling and related issues.

## BACKGROUND

At arraignment May 7, 2025, defendant entered plea of not guilty to all counts in superseding indictment charging him with first-degree murder and additional offenses. During scheduling conference that same day, the government informed the court that it is investigating the alleged murder in March 2025 of a witness who was expected to testify against defendant. The government further noted that it plans to file pretrial motion to admit at defendant's trial the decedent witness's grand jury testimony pursuant to Federal Rule of Evidence 804(b)(6). This rule provides that "[a] statement offered against a party that wrongfully caused – or acquiesced in wrongfully causing – the declarant's unavailability as a witness, and did so intending that result," may be admitted notwithstanding the general prohibition on hearsay evidence. Fed. R. Evid.

804(b)(6). Because Rule 804(b)(6) requires factual determinations regarding defendant's role in the witness's unavailability, and where the investigation was ongoing at the time, the parties noted that proceedings on the motion likely will be complex and extend for several months.

Based on these and other issues raised at the first scheduling conference, the court entered initial trial scheduling order that provided hearing dates and deadlines for briefing on the government's anticipated Rule 804(b)(6) motion, hearing on same in September 2025, and trial date of January 26, 2026, together with other deadlines for pretrial motions in limine, expert witness disclosures, and proposed jury instructions. (DE 46). By the same order, the court excluded from statutory speedy trial calculation, 18 U.S.C. § 3161(c)(1), the time from arraignment to the January 26 trial date.

The government then filed the instant motion to continue all deadlines in the initial scheduling order by approximately 60 days where "since the arraignment, the government's investigation into the witness's murder has uncovered new and significant evidence" that "requires additional investigative steps that were unanticipated at the time of the original [scheduling conference]." (DE 47 ¶ 4). At hearing on this motion noted above, the government explained that the new evidence has prompted investigators to pursue additional search warrants and witness interviews, and that the anticipated resulting discovery production to defendant, for purposes of any forthcoming Rule 804(b)(6) motion and possible admission at trial, will be voluminous.

At hearing, defendant expressed general agreement with continuing the trial date due to issues noted above, and he waived any speedy trial objections to the requested continuance. Regarding the anticipated discovery production, defendant requested additional time, beyond the government's proposal, to review the evidence and file response to the Rule 804(b)(6) motion. At the court's suggestion, defendant also requested leave to file out of time any pretrial motion

concerning admissibility at trial of any newly produced discovery, or other pretrial motion permitted by the Federal Rules of Criminal Procedure that is related to this new production. After further discussion, the parties agreed to continue the trial date to May 2026 and to reset the deadlines in the initial scheduling order as set forth below. Ultimately, the court granted the motion to continue for reasons explained at hearing and discussed herein.

## SCHEDULE

Dates and deadlines this date determined, together with speedy trial time exclusions, are set forth below.

A.   Trial Date

At hearing on the instant motion, the court advised the parties that the clerk of court has calculated that the time under the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161(c)(1), expires February 24, 2026. The parties offered no disagreement with the clerk's calculation. The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B)

Taking the parties' responses into account, the court found that the ends of justice served by granting the requested continuance and setting jury trial to begin **May 4, 2026**,[1] outweighs the

---

[1] The parties' estimated trial length is 14 days. Trial set to commence at New Bern May 4, 2026, shall proceed at 1:00 p.m., starting with a conference with the parties, followed by jury selection at or around 1:30 p.m. In addition,

best interests of the public and defendant in a speedy trial. The government's anticipated pretrial motion, discussed above, must be resolved sufficiently in advance of trial to allow the parties reasonable time to prepare in light of the court's forthcoming ruling on same. The complexity of this case, the gravity of the charges, anticipated further discovery production to defendant, and the need to provide defendant time to file motions based upon same, also promote continuance to the trial date noted above. As noted above, defendant also expressed waiver of his speedy trial rights on these same grounds. For these reasons and others discussed at hearing, a miscarriage of justice would result if the court denied continuance requested by the parties. See 18 U.S.C. § 3161(h)(7)(B)(i).

B.   Any Voir Dire and Suggested Jury Instructions

The parties shall file their proposed jury instructions and voir dire not later than **April 20, 2026**. The government shall file a proposed verdict form by that same date.

C.   Government's Anticipated Rule 804(b)(6) Motion and Pretrial Motions Based on Newly Produced Discovery

The government's anticipated Rule 804(b)(6) motion considered at hearing shall be filed by **September 19, 2025**,[2] and any pertinent discovery related to same shall be produced to defendant by this same date. Defendant's response to the motion and any pretrial motion related to the discovery production is due **December 19, 2025**. The government shall file response to any such pretrial motion by **January 20, 2026**. Motions hearing for anticipated Rule 804(b)(6) motion and any new pretrial motion is set for **February 10, 2026**, at **10:00 a.m.**

---

the court will set aside the third week of May for this trial in light of the parties' representations that trial could extend into this week.

[2]   Defendant previously asserted that the government also must show that the "forfeiture by wrongdoing" exception to the Sixth Amendment's Confrontation Clause is satisfied. The court expresses no opinion as to this argument at this stage, but the government should address this issue as well in its anticipated motion.

4

D.  Expert Witness Disclosures

Not later than **March 18, 2026**, the government shall provide its expert witness disclosures to defendant, under Federal Rule of Criminal Procedure 16(a)(1)(G).  Defendant shall provide expert witness disclosures pursuant to Rule 16(b)(1)(C), also by **March 18, 2026**.  In the event either party deems it necessary to supplement their initial expert disclosures based upon the opposing party's disclosures, same shall be provided by **March 30, 2026**, unless good cause be shown that additional time is needed.

E.  Anticipated Motions in Limine

All motions in limine that reasonably can be anticipated prior to trial shall be filed by **April 13, 2026**, and responses thereto are due **April 20, 2026**

Finally, the government's motion to continue (DE 47) is GRANTED on the terms set forth herein.

SO ORDERED, this the 16th day of July, 2025.

LOUISE W. FLANAGAN
United States District Judge